**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **JAMIE WILLIAMS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:17-CV-189-SNLJ** |
| | ) | |
| **WERNER ENTERPRISES, INC.,** | ) | |
| **and JEFFERY O. MCGHEE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Eighth Circuit has

admonished district courts to "be attentive to a satisfaction of jurisdictional requirements

in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every

federal case the court must be satisfied that it has jurisdiction before it turns to the merits

of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046,

1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the

federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore

et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010).

The Complaint (#1) asserts that the Court has jurisdiction over the action pursuant

to 28 U.S.C. § 1332(a) because the lawsuit is between citizens of different states and the

matter in controversy exceeds the sum of $75,000. In a diversity case, an individual's

state of citizenship—not state of residence—must be alleged. *Reece v. Bank of N.Y.*

*Mellon*, 760 F.3d 771, 777–78 (8th Cir. 2014). And a corporation's state of incorporation

and state of its principal place of business must be alleged because a corporation is considered a citizen of both of these states. 28 U.S.C. § 1332(c)(1). The Complaint alleges that "Defendant Jeffery O. McGhee is a *resident* of the County of Tuscaloosa, State of Alabama . . . ." (#1 at 2, ¶ 3) (emphasis added). It also alleges that "Defendant Werner Enterprises, Inc. is a Nebraska corporation authorized to do business in the State of Missouri and doing business in the State of Missouri as a transportation company . . . ." (#1 at 2, ¶ 2). Plaintiff must allege McGhee's state of citizenship, not just his state of residence. Plaintiff must also allege the state of Werner Enterprises, Inc.'s principal place of business.

Because it is the plaintiff's burden to establish subject matter jurisdiction, the Court will grant plaintiff twenty-one (21) days to file an amended complaint that states McGhee's state of citizenship and Werner Enterprises, Inc.'s state of its principal place of business. If plaintiff fails to timely and fully comply with this Order, the Court will dismiss this case for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by November 17, 2017, plaintiff shall file an amended complaint that states McGhee's state of citizenship and Werner Enterprises, Inc.'s state of its principal place of business.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this Order, this matter will be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

2

So ordered this __27th__ day of October, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE